UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEAN MCNAMARA,

                Plaintiff,

v.                                           Case No. 25-cv-1708-bhl

MARCUS KING et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Sean McNamara is currently incarcerated at the Wisconsin Resource Center and representing himself in this 42 U.S.C. §1983 action. On December 17, 2025, the Court screened the complaint and concluded that it failed to state a claim on which relief could be granted. Moreover, given the thoroughness of the allegations, the Court concluded that further amendment would be futile, so the Court dismissed this action. On January 15, 2026, McNamara filed a motion for leave to file an amended complaint. He seeks to add claims against two new Defendants. That same day, McNamara filed a motion to alter or amend the judgment on the basis that "the dismissal was due to a difference in interpreting case law." McNamara also expressed his belief that there were issues of facts and law, although he did not identify them. On January 20, 2026, McNamara filed a notice of appeal.

      The Court will deny McNamara's motion for leave to file an amended complaint because this case is closed, so there is no operative complaint to amend. Moreover, the Court notes that the motion does not comply with Civil L. R. 15(a) in that it does not "reproduce the entire pleading as amended" but instead incorporates the prior complaint by reference, which the rule does not allow. Finally, those deficiencies aside, McNamara does not state a claim against the two unidentified corrections officers. According to the original complaint, after McNamara showed the officers that he was engaging in self-harm, they radioed for help and waited outside his cell for a supervising officer to arrive. While they waited, McNamara alleges that he chipped off some flakes of metal and swallowed them; he also swallowed a small pencil. McNamara asserts that the

officers should have intervened, but the Court cannot reasonably infer that McNamara faced a substantial risk of serious harm from swallowing a few small objects. Indeed, his own allegations confirm that, once the supervisor arrived and McNamara was removed from his cell so he could be examined by a nurse, the nurse ordered that no response other than observation was required. Accordingly, McNamara does not state a claim against the officers for failing to place themselves in danger by entering his cell without adequate support because he was acting out in a way that did not pose a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

The Court will also deny McNamara's motion to alter or amend the judgment. Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within twenty-eight days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). As noted, McNamara asserts that he disagrees with the Court's interpretation of case law, but McNamara's disagreement on its own is not a sufficient reason to grant the relief he seeks.

**IT IS THEREFORE ORDERED** that McNamara's motion for leave to file an amended complaint (Dkt. No. 10) and his motion to alter or amend the judgment (Dkt. No. 11) are **DENIED**.

Dated at Milwaukee, Wisconsin on January 28, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge